UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DWAYNE LEBARR,

        Plaintiff,

v.                                                                                  Case No.:   3:20-cv-88-HLA-JBT

JOHN P. LAY and JOHN DOE,

        Defendants.
_____

### ORDER ON MOTION FOR CONTEMPT AND ORDER TO SHOW CAUSE

Plaintiff Dwayne Lebarr moves for an order to hold Centurion of Florida, LLC ("Centurion"), in contempt under Rule 45(g), Federal Rules of Civil Procedure. (Doc. 55, Motion). Plaintiff argues that the Court should hold Centurion in contempt for failing to respond to a subpoena to produce documents or information identifying two former employees –defendants "John Doe" and "Jane Doe" – who previously served as regional medical directors for the Florida Department of Corrections (FDOC) and Centurion (FDOC's medical service contractor).

On August 3, 2021, the Court authorized Plaintiff to conduct limited discovery so he could ascertain the identities of "John Doe" and "Jane Doe." (Doc. 30). After several extensions of time and issuing Plaintiff several subpoenas to aid him in the process, Plaintiff identified "Jane Doe" as John P. Lay, but he has not yet identified "John Doe." (See Doc. 52, Notice). However, Plaintiff says he discovered John P. Lay's identity only through public records rather than through the subpoenas. (See Doc. 55 at 2). Although Plaintiff submitted a subpoena to Centurion to ascertain the identities of the Doe Defendants (Doc. 45-1, Subpoena), Plaintiff states that Centurion failed to respond.

1

Therefore, Plaintiff argues, the Court should hold Centurion in contempt for ignoring his subpoena.

Under Rule 45(g), "[t]he court for the district <u>where compliance is required</u> – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g) (emphasis added). A subpoena seeking the production of documents may command compliance "at a place within 100 miles of where the person [who received the subpoena] resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). "The prevailing rule across federal courts, and the courts within this circuit, is that a subpoena's place of compliance is the district where documents are to be produced." <u>Celestin v. City of Ocoee</u>, No. 6:21-cv-896-RBD-EJK, 2022 WL 833131, at *1 (M.D. Fla. Jan. 13, 2022) (collecting cases); <u>see also</u> <u>Brady v. Lee</u>, No. 14–23307–MC–WILLIAMS/SIMONTON, 2014 WL 12580025, at *2 (S.D. Fla. Oct. 29, 2014) ("Rule 45 requires that any attempt to enforce compliance with a subpoena directed at a nonparty shall be made in the district court where compliance is required." (footnote omitted)).

Here, Plaintiff's subpoena directs Centurion to send the requested documents to Blackwater River Correctional Facility in Milton, Florida. Subpoena (Doc. 45-1) at 1, 4. Blackwater River Correctional Facility is located in Santa Rosa County, Florida, which is within the jurisdiction of the United States District Court for the Northern District of Florida. <u>See</u> 28 U.S.C. § 89(a) ("The Northern District [of Florida] comprises the counties of … Santa Rosa …."). Because the subpoena requires compliance in the Northern District of Florida, any motion seeking to enforce the subpoena must be filed there or transferred

from there. Accordingly, this Court is not the appropriate venue in which to seek to enforce the subpoena.

Additionally, the subpoena is facially defective because it directs Centurion to produce documents at a location beyond Rule 45(c)'s 100-mile geographical limit. Plaintiff sent the subpoena to Centurion's headquarters at 3200 S.W. 34th Avenue, Suite 701, in Ocala, Florida, 34474 (Doc. 45-1 at 1), and directed Centurion to produce the requested documents (presumably at Centurion's expense) at Plaintiff's address, Blackwater River Correctional Facility, 5914 Jeff Ates Road, Milton, Florida, 32583 (id. at 1, 4). The Court takes judicial notice of the fact that these locations are approximately 304 miles apart as the crow flies.[1] See Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (a district court may take judicial notice of "matters of geography"). Thus, the subpoena violates Rule 45(c)(2)(A)'s 100-mile limit. A person or entity cannot be sanctioned for failing to comply with a defective subpoena.

Accordingly, upon review of the file and the Motion, it is hereby **ORDERED:**

1. Plaintiff's "Motion for Order [of] Contempt" (Doc. 55) is **DENIED**.
2. Plaintiff's Motion to Hear and Rule on Motion for Order of Contempt (Doc. 60) is **DENIED AS MOOT.**
3. No later than **July 25, 2022**, Plaintiff must **SHOW CAUSE** why the case should not be dismissed as to Defendant John Doe. Despite several extensions of time and the passage of more than two years, Plaintiff has failed to identify John Doe, whereas other prisoners similarly situated have been able to identify and serve the

---

[1] Geodesic distance calculator, available at https://www.gps-coordinates.net/distance.

    defendants in their cases. Plaintiff's failure to show satisfactory cause by the deadline may result in the dismissal of Defendant John Doe without further notice.

4. Defendant John P. Lay's Motion to Quash Service of Process (Doc. 62), filed on June 22, 2022, is under advisement.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of June, 2022.

*[signature]*
JOEL B. TOOMEY
United States Magistrate Judge

lc 19

C:
Counsel of record
Pro se plaintiff